UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TULLIO E. PONZI,

    Plaintiff,

v.                                                                      Case No. 12-13957

THE DALBY CORPORATION,                         HON. TERRENCE G. BERG

    Defendant.                                                HON. R. STEVEN WHALEN

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DKT. 12)
AND DENYING, AS MOOT, DEFENDANT'S MOTION
FOR LEAVE TO FILE SUPPLEMENTAL BRIEF (DKT. 20)**

Tullio E. Ponzi ("Plaintiff") filed this lawsuit in the Wayne County Circuit Court, to recover a $100,000 loan. The Dalby Corporation ("Defendant") removed the case, based on diversity jurisdiction, to this Court on September 7, 2012. Plaintiff's motion for summary judgment (Dkt. 12) is pending. Defendant filed a response (Dkt. 16),[1] and Plaintiff filed a reply (Dkt. 17). The Court heard oral argument on June 5, 2013.

---

[1] Defendant's response requests that the Court deny Plaintiff's motion, and instead grant summary judgment in *Defendant's* favor. Under the recently-amended (2010) procedures for granting summary judgment under Rule 56(f), the Court may grant summary judgment for a nonmovant only after giving notice and a reasonable time to respond – in this regard, Fed. R. Civ. P. 56(f), captioned "Judgment Independent of the Motion," reads:

> After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;

For the reasons set forth below, Plaintiff's motion for summary judgment is **DENIED**.  Furthermore, Defendant filed a "motion for leave to file supplement to Defendant's brief in opposition to Plaintiff's motion for summary judgment" (Dkt. 20).  Since the Court is denying Plaintiff's motion for summary judgment without considering the additional materials and argument contained in Defendant's "supplement," this motion is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiff was the father-in-law of Brian Dalby.[2]  In 2006, Brian Dalby, who was then President of Dalby Corporation, negotiated a loan transaction with Plaintiff, his father-in-law, for $100,000, at an annual interest rate of 5%.  Plaintiff is now suing to recover this loan, and the ultimate question in this lawsuit is whether this loan was intended to be made to Brian Dalby personally, or to Dalby Corporation, the Defendant.

Defendant was incorporated in 1971, (Dkt. 12; Ex. B), and is owned by Ronald Dalby, father of the late Brian Dalby (Dkt. 12; Ex. C).  In 2006, Brian Dalby was Defendant's President (Dkt. 12; Ex. D, B. Dalby Business Card; Ex. E, R. Dalby

---

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

The Court declines to grant summary judgment to Defendant under Rule 56(f).  The dispositive motion cut-off date was March 22, 2013 (Dkt. 6), but Defendant did not request summary judgment prior to that date.  Moreover, as discussed below, the record in this case discloses genuine issues of material fact that preclude granting summary judgment to either party at this stage.

[2] Brian Dalby was married to Plaintiff's daughter, Anna.  Brian Dalby passed away unexpectedly on October 23, 2006.

2

dep. at 11). In August 2006, Ronald Dalby was undergoing treatment for liver cancer at Sloan Kettering Memorial Hospital in New York, New York (Dkt. 12; Ex. E, Dalby dep. at 13). Ronald Dalby underwent liver surgery on July 25, 2006, was discharged from Sloan-Kettering on August 3, 2006, and remained in New York for about another week (Dkt. 12; Ex. E, Dalby dep. at 55-56); he did not return to Michigan until August 11, 2006 (Dkt. 12; Ex. E, Dalby dep. at 55-56).

The loan at issue in this litigation came about as a result of a meeting between Brian Dalby and Plaintiff in July 2006. During that month, Brian Dalby and his family were vacationing with Plaintiff at his home in Divonne, Switzerland (Dkt. 12; Ex. F, Ponzi dep. at 20). Brian Dalby allegedly told his father-in-law that Defendant was having a "temporary liquidity problem," and needed cash (Dkt. 12; Ex. F, Ponzi dep. at 20-21). Brian Dalby allegedly asked Plaintiff if he would consider lending the money to Defendant (Dkt. Ex. F, Ponzi dep. at 23). Plaintiff testified, "It was not a gift, it was a loan" (Dkt. 12; Ex. F, Ponzi dep. at 24-25).

On August 5, 2006, Brian Dalby faxed Plaintiff a document entitled "Dalby Corporation Bank Wire Transfer Instructions" (Dkt. 12; Ex. G). Plaintiff added his hand-written questions to this document, asking: "Official name of borrower? Co or Brian . . . .Guarantor? Co or Brian;" he also added the notes, "$100K/6 month rate @ 5%/year – Note by attorney Joel Eigerman, 50 Congress St, Suite 200 Boston MA 02109, Tel 617-367-0014, Fx 523-5612" (Dkt. 12; Ex. H). On August 7, 2006, Brian Dalby faxed a hand-written document to Plaintiff, which stated:

OFFICIAL NAME OF BORROWER:/GUARANTOR –

> BRIAN KENNETH DALBY
> 175 MERRIWEATHER ROAD
> GROSSE POINTE FARMS, MI 48236
> 313-885-2839
> SS# [redacted]
> EMPLOYED BY:
> DALBY CORPORATION
> 2211 E. JEFFERSON AVENUE
> DETROIT, MI 48207
> 313-567-3370
>
> TULLIO – I AM HAPPY TO PROVIDE YOU WITH
> A RECENT APPRAISAL ON OUR HOUSE
> (WORTH ~$850K) AND MY MY [sic] OUTSTANDING
> MORTGAGE BALANCE W/ ABN-AMRO
> (~$235K)
>
> THANKS FOR YOUR HELP. I WOULD
> NOT LIKE MY FATHER OR WIFE TO
> GET WIND OF THIS, BUT I LEAVE IT UP
> TO YOUR BEST JUDGMENT.
> YOUR DISCRETION IS GREATLY [illegible]

(Dkt. 16; Ex. 3) (capitalization in original). Plaintiff handwrote "OK/T" on this document – next to the final two paragraphs – and faxed it back to Brian Dalby (Dkt. 16; Ex. 4; Ex. 13, Ponzi dep. at 37). On the same day, August 7, 2006, Mr. Eigerman drafted a promissory note (the "Note"), listing the $100,000 loan amount and a 5% interest rate (Dkt. 12; Ex. I). The Note listed "Brian Kenneth Dalby" – an "individual" – as the borrower. Brian Dalby signed the Note on August 7, 2006 and returned it to Mr. Eigerman (Dkt. 12; Ex. I).

On August 8, 2006, Mr. Eigerman emailed Plaintiff's banker (John Lesanto, of Cambridge Trust Company, copying Brian Dalby) instructing Plaintiff's bank:

> The transfer is going to The Dalby Corporation (that is the name on the account). The account is at Comerica Bank. The routing number is 0720-

00096. The account number is 10000113464. The bank contact is a Ms. Kathy Broack at 313- 222-3855. The bank's fax number is 313-222-9258.

It is my understanding that you are going to send Mr. Ponzi by fax a confirmation or order or whatever it is to sign, and when he faxes that back to you signed, you will initiate the wire transfer. It is my further understanding that it is conceivable that this might be accomplished today, but tomorrow is more likely.

(Dkt. 12; Ex. J).

Throughout 2005 and 2006, Brian Dalby used Defendant's Comerica bank account to pay for various renovations to his home (total of $83,407.01 throughout March – Aug. 2005 and Sept. – Oct. 2006; Dkt. 16, Ex. 12).  Also, on August 8, 2006, Brian Dalby wrote a check for $11,709.16 – again from Defendant's Comerica Bank account – to University Liggett School, presumably for his children's tuition (Dkt. 16; Ex. 10).  The next day, August 9, 2006, Plaintiff's bank wired the $100,000 into Defendant's corporate bank account at Comerica Bank (Dkt. 12; Ex. A at 2).

About two months later, in October 2006, Brian Dalby died unexpectedly. By this time, Defendant's owner, Ronald Dalby, had returned to Detroit from his liver cancer surgery.  After Brian Dalby's funeral, Ronald Dalby met with Plaintiff and his daughter (Brian's widow) at Defendant's offices in Detroit. During this meeting, Plaintiff requested repayment of the loan.  Ronald Dalby refused (Ex. E, Dalby dep. at 44).

Plaintiff filed the instant action in the Wayne County Circuit Court to recover this loan. Defendant timely removed the case to this Court based on diversity jurisdiction (Dkt. 1).

## II. ANALYSIS

### A. *Summary Judgment Standard*

A motion for summary judgment will be granted under Rule 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the nonmovant's case. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *See Matsushita*, 475 U.S. at 587–88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *See Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is

not required to search the record to determine whether genuine issues of material fact exist. *See Street*, 886 F.2d at 1479–80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251–52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

### B. Genuine Issues of Material Fact Preclude Summary Judgment

Numerous genuine issues of material fact preclude granting summary judgment in Plaintiff's favor. Most saliently, the Note documenting the $100,000 loan is signed by "Brian Kenneth Dalby, an individual," and is not signed by Defendant. Indeed, Plaintiff admits in his motion for summary judgment that there is no "specific document" between Plaintiff and Defendant concerning a loan transaction (Dkt. 12 at 1). The Note was drafted by Plaintiff's attorney – Mr. Eigerman. Presumably, Mr. Eigerman knew the distinction between drafting a

7

note to be signed by Brian Dalby, individually, versus a note signed by Defendant Dalby Corporation.[3]

In light of the fact that there is no signed loan agreement or promissory note between Plaintiff and Defendant, Plaintiff instead argues that the "written correspondence between [Plaintiff] and Brian Dalby establishes the loan and its terms" (Dkt. 12 at 1). However, this written correspondence could reasonably lead to the opposite conclusion – that Brian Dalby (and not Defendant) was the borrower. Specifically, a hand-written letter from Brian Dalby to Plaintiff states that the "official name of borrower" is "Brian Kenneth Dalby" and that he is "employed" by Defendant "Dalby Corporation" (Dkt. 16, Ex. 3). This document allows a reasonable inference that Brian Dalby was to be the borrower of the $100,000, and that Defendant was merely his employer. Brian Dalby goes on to tell Plaintiff in this letter that he is "happy to provide you with a recent appraisal of our house (worth ~850K) and my my [sic] outstanding mortgage balance w/ ABN-AMRO (~$235K)." *Id*. Plaintiff acknowledged receipt of this letter, and initialed "OK/T" by this quoted language (Dkt. 16, Ex. 4). It is not unreasonable to conclude that Brian Dalby, and not Defendant, was the actual borrower, given that he offered to provide

---

[3] Plaintiff's motion for summary judgment argues that the Note "contains the wrong borrower" and that the Note should have listed Defendant as the borrower, given that the $100,000 was wired into Defendant's bank account (Dkt. 12 at 6). This interpretation suggests that Mr. Eigerman made a mistake when drafting the Note. Another, equally valid, interpretation is that Mr. Eigerman intentionally named Brian Dalby, an "individual," as the borrower at his client's (Plaintiff's) instruction.

8

Plaintiff an appraisal of his own home, presumably as collateral for the loan transaction.[4]

Plaintiff also emphasizes that the $100,000 was wired from Plaintiff's bank directly into Defendant's bank account (as opposed to Brian Dalby's personal bank account), but there is also evidence in the record indicating that Brian Dalby used Defendant's corporate bank account for payment of personal expenses, such as renovations to his home ($83,407.01 throughout March – Aug. 2005 and Sept. – Oct. 2006; Dkt. 16, Ex. 12) and his children's tuition at University Liggett School ($11,709.15 in Aug. 2006; Dkt. 16, Ex. 10). The use of the Dalby Corporation's business account to fund Brian Dalby's personal expenses allows inferences of several kinds. On one hand, it suggests that the direction of the loan funds to Defendant's corporate account may not indicate that the funds were necessarily intended to be used for corporate purposes, and that Brian Dalby was the borrower. On the other hand, if the corporation was short of operating expenses because it made numerous disbursements to its President for personal expenses, then the corporation may have benefited from the funds provided by the loan. From the evidence adduced in the pleadings, it remains a disputed issue of fact as to whether Brian Dalby, or Defendant Dalby Corporation, was the true borrower and debtor of this loan.

---

[4] It should be noted that the Note also identifies Brian Dalby as "Guarantor," (as well as "Borrower"), which might also explain why the information regarding the value of Brian Dalby's home was provided by Brian Dalby to Plaintiff.

All these facts need to be construed in the light most favorable to the non-moving party – here, Defendant. Given all of the above, it would be inappropriate to grant summary judgment. At this stage in the litigation – summary judgment – the Court must construe all facts in Defendant's favor, and in doing so, it is clear that genuine issues of material fact remain in dispute.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment (Dkt. 12) is **DENIED** and Defendant's motion to file a supplemental brief in opposition to Plaintiff's motion for summary judgment (Dkt. 20) is **DENIED AS MOOT**.

**SO ORDERED.**

                                      s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE

Dated: August 12, 2013

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 12, 2013, using the CM/ECF system, which will send notification to each party.

                                      s/A. Chubb
                                      Case Manager